**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| ROBERT DAVID TURNER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-71 |
| v. | |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia,

brought this action under 42 U.S.C. § 1983 to challenge certain conditions of his confinement.

Doc. 1.  This matter is before the Court on Plaintiff's failure to follow a Court Order.  For the

reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without**

**prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment

of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1]   A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted).  A magistrate judge's report and recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed.  As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

As established in the Court's February 18, 2020 Order, Plaintiff's initial Complaint contains almost no factual allegations.  Doc. 16 at 2.  Furthermore, Plaintiff's motions to amend his Complaint sought to add several new defendants based on seemingly unconnected series of events at different penal institutions.  Docs. 4, 5, 6, 10.  In its prior Order, the Court detailed examples of the disconnectedness of Plaintiff's allegations, including arbitrary placement in segregation at Johnson State Prison in February 2018; assault by inmates at Autry State Prison in September 2018; a fall at Georgia State Prison in March 2019, after which Plaintiff was left lying on the floor for eight days; and an alleged murder attempt at Dodge State Prison in September 2017.  Doc. 16 at 2 (citing Doc. 4 at 1, 2, 4; Doc. 6; Doc. 10 at 1–2).  Plaintiff sought to add 17 new defendants to this action but alleged no facts connecting them to any constitutional violation.

As Plaintiff's Complaint had not been served on any Defendant, the Court granted Plaintiff's motions to amend as a matter of right.  Id. at 3.  However, because the Federal Rules of Civil Procedure prohibit the joinder of claims that do not arise from the same transaction or occurrence or series of transactions or occurrences, except in limited circumstances, the Court ordered Plaintiff to file an amended complaint in strict conformity with provided instructions. The Court warned Plaintiff that his "failure to abide by this Court's instructions to file an appropriate Amended Complaint could lead to the dismissal of his action for failure to [follow] this Court's directives and failure to prosecute." Id. at 4–5.  Plaintiff was given 14 days from the issuance of the Court's Order to file his Amended Complaint. Id. at 4, 5.  The Court issued its Order on February 18, 2020.  Thus, Plaintiff's Amended Complaint was due by March 3, 2020.

At this time Plaintiff has failed to file an Amended Complaint.  There is nothing before the Court indicating this Order was returned to the Court or otherwise failed to reach Plaintiff.

**DISCUSSION**

The Court must now determine how to address Plaintiff's failure to comply with this Court's directive.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY**  Plaintiff leave to appeal *in forma pauperis*.

**I.      Dismissal for Failure to Follow this Court's Order**

A district court may dismiss claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). "A district court may *sua sponte* dismiss an action under [Rule] 41(b) for failing to comply with a court order."  Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014); see also Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir. 2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for failure to comply with the Rules or any court order."); Coleman, 433 F. App'x at 718; Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on w]illful disobedience or neglect of any order of the Court[.]").

3

A district court's "power to dismiss an action is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown, 205 F. App'x at 802 (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).  Notably, "the court [is] entitled to consider . . . the long pattern of conduct which amounted to . . . several failures by plaintiffs to obey court rules and orders."  Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983); Brown, 205 F. App'x at 802–03 (finding no error in dismissing without prejudice for failure to comply with a court order when plaintiff was warned that failure to comply with the order would result in dismissal and was "given two opportunities to amend his complaint according to the court's specific instructions" but "failed to do so"); Muhammad, 561 F. App'x at 836 (11th Cir. 2014) ("Because [plaintiff's] amended complaint was very similar to his original complaint, it is clear that he did not obey the court's order to produce a pleading that complied with federal standards."); Hart v. Marlow, No. 15-21257-CIV, 2015 WL 13740729, at *2 (S.D. Fla. July 31, 2015) (dismissing for failure to follow a court order when the plaintiff "knowingly ignored the court's multiple orders instructing him on the filing requirements for his final amended complaint" and "failed to file a final, proper amended complaint").  Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'"  Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  Despite the Court's willingness to excuse Plaintiff's procedural mistakes and to provide a second chance for Plaintiff to submit a proper amended complaint in compliance with the Court's directives, Plaintiff still has not done so.  The Court gave the Plaintiff specific instructions to file an Amended Complaint within 14 days.  Plaintiff

4

has missed his deadline by more than a month.  Moreover, the Court warned Plaintiff failure to

do so may result in the dismissal of his case.  Doc. 16 at 5.  Thus, dismissal without prejudice for

failure to comply with the Court's Orders is appropriate.

## II.      Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff

has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's

order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party

proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is

filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is

not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this

context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687,

691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a

frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim

or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not

brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka,

314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085,

403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an

appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma*

*pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and

Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of April,

2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA